UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALICE R. ROBINSON, | ) | CASE NO. 4:12cv1604 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| GENERAL MOTORS COMPANY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is an unopposed motion to dismiss for failure to prosecute filed by defendant General Motors Company ("defendant" or "GM") pursuant to Fed. R. Civ. P. 37 and 41(b). (Doc. No. 23.) In support of its motion, defendant reports that plaintiff Alice R. Robinson ("plaintiff" or "Robinson") has failed to respond to its discovery requests and has failed to comply with the Court's scheduling orders and its order compelling discovery. (Doc. No. 24.) For the reasons discussed below, defendant's motion is **GRANTED** and this case is **DISMISSED** with prejudice.

I.  BACKGROUND

On May 24, 2012, Robinson, a current GM employee, sued GM in the Trumbull County, Ohio Court of Common Pleas, alleging a single claim of retaliation for her complaints of harassment in violation of Ohio law. (Compl., Doc. No. 1-2.) On June 21, 2012, GM removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. (Doc. No. 1.)

On August 10, 2012, the Court conducted a case management conference ("CMC"), which the parties and counsel attended. (*See* Minutes of proceedings, non-document

entry on August 10, 2012.) As is reflected in the CMC minutes, the Court discussed the case with the parties and set scheduling dates and deadlines that were also outlined in the Court's case management plan and trial order ("CMPTO"), docketed the same day. (Doc. No. 11.) Following informal settlement discussions that were unfruitful, plaintiff indicated to the Court that she would be obtaining new counsel. The Court again reviewed the case dates and deadlines with Robinson to confirm her understanding, and provided her with a hard copy of the CMPTO. On August 15, 2012, the Court granted plaintiff's counsel's motion to withdraw (Doc. No. 13.), and since that time, Robinson has proceeded *pro se*.

On September 17, 2012, GM served its first request for production of documents on plaintiff by first class mail to plaintiff's address of record. (Doc. No. 14.) On September 28, 2012 and November 21, 2012, GM filed status reports, indicating that defense counsel had made multiple attempts to contact plaintiff, by mail and telephone, to coordinate the filing of a joint status reports as required by the Court's CMPTO, but plaintiff failed to respond.[1] (Doc. Nos. 15, 16.)

On December 7, 2012, defendant filed a notice of discovery dispute pursuant to LR 37.1(a)(1), indicating that plaintiff had failed to respond to its discovery requests or to letters sent by defense counsel requesting responses and dates for plaintiff's deposition. (Doc. No. 17.) Defendant requested an order compelling plaintiff to respond, which the Court granted in an Order dated December 8, 2012, ordering plaintiff to respond to defendant's discovery requests on or before December 31, 2012. (Doc. No. 19.) The Court's Order also cautioned plaintiff that her failure "to fully respond and cooperate in discovery may result in sanctions, up to and

---

[1] The Court's CMPTO cautions "Repeated failures to file Joint Status Reports could result in additional sanctions, including dismissal of claims or defenses under Rule 41(b)." (Doc. No. 11 at 67-68.)

2

including dismissal of this action." (*Id*. at 113.) Despite the Court's Order, defense counsel avers that plaintiff never responded to GM's discovery requests or provided counsel with dates for her deposition. (Tsevis Decl. [Doc. No. 24-1] ¶ 7.)

Pursuant to the CMPTO, a status conference was scheduled to be held on January 9, 2013. Prior to the conference, the Court granted defendant leave to attend the conference by telephone in light of plaintiff's repeated failures to communicate with defendant. (Doc. No. 21.) The Court stated that plaintiff remained obligated to attend the status conference in-person, and she was cautioned that her failure to appear could result in sanctions, up to and including, dismissal. (*Id*.) Plaintiff failed to appear on January 9, 2013 and, therefore, no status conference could be held. (*See* Minutes of Proceedings, non-document entry January 9, 2013.)

On January 31, 2013, defendant filed the instant motion to dismiss, as a result of plaintiff's failure to participate in discovery and prosecute her claims. Pursuant to LR 7.1(d) and Fed. R. Civ. P. 6(d),[2] plaintiff's opposition to defendant's motion was due on or before March 5, 2013. Plaintiff, however, did not file an opposition brief before the deadline.

## II. DISCUSSION

"[I]t is incumbent on litigants, even those proceeding *pro se*, to follow . . . rules of procedure." *Fields v. Cnty. of Lapeer*, No. 99-2191, 2000 WL 1720727, at *2 (6th Cir. Nov. 8, 2000) (quoting *Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir.1980)) (internal quotation marks omitted). Rule 41(b) provides for the dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . . ."

---

[2] Pursuant to LR 7.1(d) a memorandum in opposition to a dispositive motion is due within 30 days after service of the motion, however, under Fed. R. Civ. P. 6(d), an additional three days are added when computing service for a total of 33 days.

Such a dismissal acts as an adjudication on the merits. *Id.* The Sixth Circuit has recognized that a Rule 41(b) dismissal "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation marks and citation omitted). Determining whether dismissal is the appropriate sanction is a matter within the discretion of district courts. *Wright v. Coca-Cola Bottling Co.*, 41 F. App'x 795, 795 (6th Cir. 2002).

The Sixth Circuit has instructed courts to assess four factors in determining whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001) (citations omitted); *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997). Prior notice to the plaintiff that failure to cooperate could result in dismissal is particularly important to support the sanction. *Vinci v. Consolidated Rail Corp.*, 927 F.2d 287, 288 (6th Cir. 1991).

The Court finds that Robinson's failure to prosecute this action was a result of willfulness and fault, evidenced by the following:

(1) Robinson's failure to participate in the submission of joint status reports as ordered by the Court in its CMPTO;

(2) her failure to respond to discovery propounded September 17, 2012 by GM;

(3) her failure to respond to oral and written correspondence of counsel for GM;

(4) her failure to comply with this Court's December 8, 2012 order compelling her response to defendant's discovery requests on or before December 31, 2012;

(5) her failure to appear at the Status Conference scheduled for January 9, 2013;[3] and

(6) her failure to respond to defendant's motion to dismiss within the time period established by LR 7.1 and Fed. R. Civ. P. 6(d).

Robinson has exhibited a complete disregard for the rules established for orderly case management. She has caused a lawsuit to be filed, yet has since failed to comply with even the most basic and fundamental procedural rules. Defendant has been prejudiced by its waste of time, money, and effort in attempting to get plaintiff to meet her discovery obligations and by having to defend a case in which plaintiff refuses to meaningfully participate. *See, e.g.,Harmon*, 110 F.3d at 368 ("We have no doubt that [defendant] was prejudiced by [plaintiff's] failure to respond to its interrogatories. Not only had [defendant] been unable to secure the information requested, but it was also required to waste time, money and effort in pursuit of cooperation which [plaintiff] was legally obligated to provide."). Additionally, this Court has wasted valuable resources in attempting to properly administer this case, whilst plaintiff has repeatedly failed to comply with Court rules, orders and deadlines. Further, plaintiff was given prior written notice that her failure to participate may result in sanctions up to and including dismissal of her claims. The Court finds that sanctions short of dismissal would not cure plaintiff's complete failure to comply with its rules, orders and deadlines, which has resulted in her failure to properly

---

[3] On January 15, 2013, the Court received a letter from plaintiff requesting that the Court "contenue [*sic*] of this case," and indicating that plaintiff "didn't know of any hearing," that if she had known, she would have appeared, and that she believed the hearing was set for February. (Doc. No. 22.) Plaintiff's unsworn assertions, however, are belied by the record, which indicates that the Court not only verbally advised plaintiff of the date of the status conference, but hand-delivered to her a copy of its CMPTO, ensuring that she understood all of the dates and deadlines. Further, plaintiff's former counsel, Douglas L. Winston, indicated in his motion to withdraw that he had "taken steps to ensure that Plaintiff obtains all papers pertinent to her matter . . . ." (Doc. No. 12.) In order to pay heed to a defendant's right to fair and timely resolution of litigation, *pro se* litigants should not "be accorded special consideration" when they fail to adhere to readily-comprehended court deadlines. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

prosecute this case. *See Mitchell v. Tri-Health Inc.*, No. 11-318-HJW-JGW, 2012 WL 2190809, at *2 (S.D. Ohio June 14, 2012), *report and recommendation adopted*, No. C-1-11-318, 2012 WL 4050073 (S.D. Ohio Sept. 13, 2012) (noting, "it is unclear what—if any—less drastic sanctions would be appropriate" where the *pro se* plaintiff persistently failed to prosecute his claims); *see also, Harmon*, 110 F.3d at 368 (affirming dismissal of case and finding plaintiff's conduct to be "stubbornly disobedient and willfully contemptuous" where plaintiff failed to respond to discovery requests and a motion to compel, did not comply with a court order, and filed no response to a motion to dismiss).

Accordingly, defendant's motion to dismiss is **GRANTED** and this case is hereby **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

Dated: March 13, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**